# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JUDITH SCHLUETER,**

    **Plaintiff,**

                                              **Case No. 2:17-cv-1055**
                                              **Judge James L. Graham**
    **v.**                                        **Magistrate Judge Chelsey M. Vascura**

**BETHESDA HEALING MINISTRY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendant's Motion to Dismiss for Failure of Timely Service (ECF No. 7) and Plaintiff's Memorandum in Opposition (ECF No. 9). For the reasons that follow, it is **RECOMMENDED** that Defendant's Motion be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m).

Rule 4(m) requires that service be made upon a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. (4)(m). If service is not timely made, either the action must be dismissed without prejudice or the Court must set a time by which service is to be made. *Id.* Rule 4(m) further provides that if the Plaintiff shows good cause for the failure, the Court must extend the time allowed for service. *Id.*

In this case, a review of the record indicates that Plaintiff has failed to timely perfect service over Defendant in accordance with the Federal and Local Rules. Plaintiff filed the

instant action on December 7, 2017. (ECF No. 1.) To date, the docket reflects that Plaintiff has not yet properly effected service of process.

In her Memorandum in Opposition, Plaintiff contends otherwise, pointing out that her counsel sent the Complaint and Summons to Defendant's statutory agent via certified mail. This attempt does not, however, satisfy the requirements of either Federal Rule of Civil Procedure 4 or the applicable state laws for effectuating service. Specifically, Rule 4(e)(2) does not permit service via mailing. *See* Fed. R. Civ. P. 4(e)(2); *Siddhar v. Sivanesan*, No. 2:13-cv-747, 2013 WL 6504667, at * 2–3 (S.D. Ohio Dec. 11, 2013) (finding that "federal law does not ordinarily allow for service by certified mail"). Rule 4 does permit a party to effect service pursuant to the laws of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Nevertheless, although Ohio law contemplates service of process through certified mail, such mailing must be completed through the Clerk. Ohio Civ. R. 4.1; *see also* S.D. Ohio Loc. Civ. R. 4.2 (outlining the procedure for completing Ohio certified mail service in this Court).[1] Thus, because

---

[1] Southern District of Ohio Local Civil Rule 4.2(a) provides:

> *(a)* The attorney of record or the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The attorney of record or the serving party shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") *showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card.* The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. *The attorney of record or the serving party shall affix adequate postage to the envelope and **deliver it to the Clerk who shall cause it to be mailed**.*

S.D. Ohio Loc. Civ. R. 4.2(a) (emphasis added).

Plaintiff's counsel (rather than the Clerk of this Court) sent the Summons and Complaint, Defendant has not yet been properly served.

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion to Dismiss for Failure of Timely Service be **GRANTED** and the action **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE