IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Judith Schlueter,

    Plaintiff,

v.

Bethesda Healing Ministry, Inc.

    Defendant.

Case No: 2:17-cv-1055

Judge Graham

Magistrate Judge Vascura

<u>Opinion and Order</u>

This copyright infringement action is before the Court on the motion of plaintiff Judith Schlueter for a preliminary injunction. She seeks to enjoin defendant Bethesda Healing Ministry, Inc. ("BHM") from using a manual entitled, "An Experience of Hope: A Guidebook to Healing." For the reasons set forth below, plaintiff's motion is DENIED.

**I.    Background**

Ms. Schlueter and Francis Kempf founded BHM as Bethesda Post Abortion Healing Ministry in 1994. Ms. Schlueter served as the head of BHM. In 2000, BHM adopted articles of incorporation and was organized under Ohio law as a non-profit company. BHM became controlled and managed by a Board of Trustees. Ms. Schlueter was retained in a leadership role as Executive Director, and other corporate officers were employed as well.

BHM provides a Catholic-based ministry to women affected by abortion. A longstanding part of its ministry has been the distribution of a manual entitled "An Experience of Hope: A Guidebook for Healing." The manual is provided to individuals who attend meetings at BHM. BHM also distributes the manual to other organizations who provide ministry services like BHM's.

Ms. Schlueter authored the manual. According to the copyright registration attached to the complaint, the first edition of the manual was created, published and registered in 2003. The registration reflects that the first edition of the manual had the titles of "Bethesda Post Abortion Healing Ministry Manual" and "Bethesda Healing Ministry." A copyright application for a later version of the same manual, with the title of "An Experience of Hope: A Guidebook for Healing" was submitted in 2017. According to the application, the manual was first published under its current title in 2013.

Ms. Schlueter alleges that she is the sole owner of the copyright to the manual. She claims that she permitted BHM, under an implied license, to use the manual, make copies of it and distribute it to other groups.

In March 2017, Ms. Schlueter retired from BHM. She contends that she was forced to do so by the Board of Trustees. Ms. Schlueter alleges that the mission of BHM has been altered by new leadership. Because she no longer wished to be associated with BHM, her attorney notified BHM in September 2017 that she was withdrawing permission for BHM to copy, use and distribute her manual. She demanded that BHM stop using the manual and turn over to her all copies in its possession.

Ms. Schlueter alleges that BHM has failed to comply with her demand. BHM admits that "it refuses to turn over to Plaintiff existing copies of the manual which Plaintiff authorized and caused Defendant to expend its own funds to print and use as part of the work of the Ministry." Def.'s Answer at ¶ 21.

The complaint asserts claims for copyright infringement and willful copyright infringement. 17 U.S.C. §§ 501, 504. Ms. Schlueter has moved for a preliminary injunction[1] to enjoin BHM from copying, using and distributing the manual. She argues that in the absence of preliminary injunction relief, her goodwill will be damaged by BHM's use of her manual in a manner not intended by her.

## II.  Legal Standard

Preliminary injunctions are available under Rule 65(a) of the Federal Rules of Civil Procedure. They are extraordinary remedies which are governed by the following considerations: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay." Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008); see also Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

"The party seeking the preliminary injunction bears the burden of justifying such relief," including showing likelihood of success and irreparable harm. McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012). "Although no one factor is controlling, a finding that there is simply no likelihood

---

[1] The caption of plaintiff's motion does not expressly request a preliminary injunction. It is styled as a "Motion for an Order Providing Injunctive Relief." It was filed four months after the filing of the complaint, and it does not contain a request for a hearing. Nonetheless, because the memorandum in support of the motion refers to "preliminary" relief, the Court will treat the motion as seeking a preliminary injunction.

of success on the merits is usually fatal." Gonzales v. Nat'l Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000); accord Jolivette v. Husted, 694 F.3d 760, 765 (6th Cir. 2012). The movant must further show that "irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis in original). A mere possibility of injury is not enough. Id.

### III. Discussion

#### A. Likelihood of Success on the Merits

To prevail on a claim of copyright infringement, a plaintiff must establish that (1) she owned a valid copyright, and (2) that defendant "copied protectable elements of the work." Varsity Brands, Inc. v. Star Athletica, LLC, 799 F.3d 468, 476 (6th Cir. 2015), *aff'd sub nom.* Star Athletica, L.L.C. v. Varsity Brands, Inc., 137 S. Ct. 1002, 197 L. Ed. 2d 354 (2017).

Plaintiff's motion focuses solely on the second element of a copyright claim, arguing that BHM no longer has Ms. Schlueter's permission to use the manual. Plaintiff fails to address the ownership element of a claim. She simply assumes that the element is satisfied, based on the belief that authorship equates to ownership.

Defendant emphasizes that the manual was authored while Ms. Schlueter was employed as BHM's Executive Director. She, as Executive Director, caused BHM to pay for printing the manual and directed that it be used by BHM in its ministry to women.

Under the Copyright Act, copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a). "The Act carves out an important exception, however, for 'works made for hire.'" Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 737 (1989) (footnote omitted). A "work made for hire" is defined as "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101. If the work is made for hire, "'the employer or other person for whom the work was prepared is considered the author' and owns the copyright, unless there is a written agreement to the contrary." Reid, 490 U.S. at 737 (quoting 17 U.S.C. § 201(b)). "Classifying a work as 'made for hire' determines not only the initial ownership of its copyright, but also the copyright's duration, § 302(c), and the owners' renewal rights, § 304(a), termination rights, § 203(a), and right to import certain goods bearing the copyright, § 601(b)(1)." Id.

In response, plaintiff has submitted her own declaration in which she makes the legal conclusions that she is "the copyright owner of all versions of the [manual]" and that her manual was "not made for BHM as a 'work for hire.'" Schlueter Decl. ¶¶ 6, 11. Plaintiff claims that she developed the manual on her own and not under a directive from anyone at BHM. She asserts that she allowed BHM to use the manual under an implied license.

3

The Court finds that plaintiff has not demonstrated a strong likelihood of success on the merits. Traditionally, an individual retained by a board of trustees to serve as executive director of a non-profit organization is an employee, much as the chief executive officer of a corporation generally is an employee. See, e.g., Herrera v. Trabajamos Cmty. Head Start, Inc., 236 F.Supp.3d 858 (S.D.N.Y. 2017) (executive director of nonprofit corporation was an employee for purposes of whistleblower statute); Smith v. Private Indus. Council of Westmoreland & Fayette Ctys., Inc., 622 F.Supp. 160, 167 (W.D. Pa. 1985) (executive director of nonprofit is employed by the corporation); Leonard v. Renewal House, Inc., No. 3:11-00815, 2012 WL 3579619, at *1 (M.D. Tenn. Aug. 16, 2012). See also 26 C.F.R. § 1.162-27(c)(2) (defining the chief executive officer of a publicly-held corporation as an employee for tax purposes); Nicholas v. Richlow Mfg Co, 126 F.2d 16, 17 (10th Cir. 1941) (corporate officers are employees under the Social Security Act); In re Limited., Inc., No. CIV.A. 17148-NC, 2002 WL 537692, at *5 (Del. Ch. Mar. 27, 2002). Here, at this early stage plaintiff has not submitted any evidence which would take the facts of this case outside the general rule that an executive director is an employee.

Moreover, Ms. Schlueter's declaration contains no factual matter showing that she prepared the manual outside the scope of her employment. Regardless of whether anyone at BHM directed her to prepare the manual, she prepared it for BHM's use at a time when she was employed by BHM. The manual's content aligns fully with BHM's mission to minister to individuals affected by abortion, and the manual's first title was the same as the ministry's name – Bethesda Post Abortion Healing Ministry Manual. See Baker v. Robert I. Lappin Charitable Found., 415 F.Supp.2d 473, 487-88 (S.D.N.Y. 2006) (finding that work performed by the executive director of a charitable organization on a copyrighted film was done on behalf of the organization). Even if Ms. Schlueter and BHM had some implied understanding by which she received royalties from the sale of the manual, she is not entitled to protection under the Copyright Act, which requires a "written agreement to the contrary" in order for an employee to avoid the work-for-hire provision.

**B.     Irreparable Injury**

The Court further finds that plaintiff has not shown that she is likely to suffer irreparable injury in the absence of an injunction. Plaintiff relies on the principle that "a plaintiff in a copyright infringement action establishes a rebuttable presumption of irreparable harm by showing that its valid copyright has been infringed." Forry, Inc. v. Neundorfer, Inc., 837 F.2d 259, 267 (6th Cir. 1988). However, plaintiff has not established a likelihood of success on her claim of infringement and thus is not entitled to the rebuttable presumption.

Plaintiff also has not shown that any injury to her goodwill or reputation has occurred or is likely to occur. There are no allegations that BHM has changed the content of the manual or has changed the way it is used or distributed. BHM, in contrast, has submitted evidence showing that its current use of the manual has not changed. See, e.g., Mathewson Aff. at ¶ 7. Ms. Schlueter's declaration makes clear that when the Board forced her to resign, their disagreement concerned matters of fundraising and advertising, not the manual. See Schlueter Decl. at ¶¶ 19-20. In the way of allegations of injury, this leaves plaintiff with the assertion that she is owed royalty payments, see id. at ¶ 25, a type of harm which monetary damages can remedy.

    **C.**    **Other Factors**

The court agrees with BHM that the remaining preliminary injunction factors weigh in favor of denying plaintiff's request. BHM has established that an important component of its ministry and charitable mission is conducted through use of the manual. Granting the injunction would harm BHM and the members of the public that it serves.

**IV.**    **Conclusion**

Accordingly, plaintiff's motion for a preliminary injunction (doc. 5) is DENIED. This ruling is without prejudice to plaintiff establishing on the merits that she is entitled to monetary or permanent injunctive relief.

                                            s/ James L. Graham
                                            JAMES L. GRAHAM
                                            United States District Judge

DATE: December 6, 2018